614 A.2d 223

**EASTERN INVESTMENT COMPANY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, BOARD of FINANCE and REVENUE, Appellee.**

Supreme Court of Pennsylvania.

Submitted May 4, 1992.

Decided Sept. 18, 1992.

Melvin Alan Bank, Philadelphia, for appellant.

Ronald H. Skubecz, Eugene J. Anastasio, Deputy Attys. Gen., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS AND CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an order of the Commonwealth Court, 129 Pa.Cmwlth. 114, 564 A.2d 1048, which affirmed a decision of the Board of Finance and Revenue denying a request for a refund of realty transfer taxes paid by the appellant, Eastern Investment Company (Eastern). We affirm.

The factual background of the case is as follows. On December 16, 1985, Eastern conveyed a parcel of property by deed to the Redevelopment Authority of Berks County. The deed recited a consideration of $3,880,000.00. At the time of recording the deed, Eastern claimed that the transfer was exempt from the realty transfer tax. In July of 1986, the Department of Revenue (Department) issued a determination that the transfer was subject to tax and that a tax of $38,-800.00 plus interest of $2,415.30 was due. This determination was affirmed by the Department's Board of Appeals in January of 1987. In March of 1987, Eastern, under protest, paid the tax plus accrued interest of $4,736.17, i.e., a total of $43,536.17. Eastern promptly filed a request for a refund, but the request was denied by the Board of Finance and Revenue. Commonwealth Court affirmed the denial of the refund.

The Tax Reform Code of 1971 imposes a tax of one percent on the value of real property transferred by means of any "document." 72 P.S. § 8102–C. At the time of the present deed transfer the Code defined "document," in pertinent part,

as follows: *

> **Document.** Any deed ... whereby any lands ... within
> this Commonwealth ... shall be ... granted ... or other-
> wise conveyed to the grantee ... but does not include ...
> any transfers to *nonprofit industrial development agen-
> cies....*

(Emphasis added). Eastern contends that the transfer which
it made to the Redevelopment Authority of Berks County
constituted one to a "nonprofit industrial development agen-
cy," such that, under this provision, the transfer was exempt
from tax.

"Nonprofit industrial development agency" is not defined in
the Tax Reform Code. A pertinent definition can be found,
however, in the Pennsylvania Industrial Development Authori-
ty Act, 73 P.S. § 303(g), wherein "industrial development
agency" is defined as:

> a nonprofit corporation or a foundation or association orga-
> nized and existing under the laws of this Commonwealth,
> regardless of the particular name, to whose members or
> shareholders no profit shall enure and which shall have as a
> purpose the promotion, encouragement, construction, devel-
> opment and expansion of new or existing *industrial develop-
> ment projects* in a critical economic area.

(Emphasis added).

A virtually identical definition of "industrial development
agency" is set forth in the Site Development Act, 73 P.S.
§ 362(3), where the term is defined as:

> a nonprofit corporation or a foundation or association orga-
> nized and existing under the laws of this Commonwealth,
> regardless of the particular name, to whose members or

---

* The quoted portion of the statute is that which was in effect at all times
relevant to the present case. It may be noted, however, that in 1986
the sections of the Tax Reform Code of 1971 pertaining to realty
transfer taxes were revised by the legislature, creating a revised defini-
tion of the term "document" and an enumeration of transfers which are
to be deemed "excluded transactions" for purposes of the tax. 72 P.S.
§§ 8101–C—8102–C.3.

shareholders no profit shall enure and which shall have as a purpose the promotion, encouragement, construction, development and expansion of new or existing *industrial development projects.*

(Emphasis added). Hence, in both the Industrial Development Authority Act and the Site Development Act, the definitions of "industrial development agency" are the virtually the same, the only difference being that the former requires the industrial development activities to occur in critical economic areas whereas the latter does not. Another similar definition of "industrial development agency" is found in the Pennsylvania Redevelopment Area Economic Cooperation and Implementation Act, 73 P.S. § 333(d), where the term is defined as:

any incorporated organization, foundation, association or agency, regardless of the particular name, and to whose members or shareholders no profit shall enure, which shall have as a purpose the promotion, encouragement and development of *commercial, industrial, manufacturing and research and development enterprises* in a redevelopment area or a critical economic area.

(Emphasis added).

In common among all of the foregoing definitions of "industrial development agency" is the requirement that "a purpose" of the agency be to promote the development of "industrial" projects or enterprises. In contrast, the Urban Redevelopment Law, under which the Redevelopment Authority of Berks County was formed, provides in 35 P.S. § 1702(g) for the creation of,

bodies corporate and politic to be known as Redevelopment Authorities, which shall exist and operate for the public purposes of the elimination of blighted areas through economically and socially sound redevelopment of such areas, as provided by this act, in conformity with the comprehensive general plan of their respective municipalities for *residential, recreational, commercial, industrial or other purposes,* and otherwise encouraging the provision of healthful

homes, a decent living environment and adequate places of employment of the people of this Commonwealth.

(Emphasis added).

Based upon the foregoing definitions, it is plain that industrial development agencies and redevelopment authorities are not identical entities. The former are narrow in their focus, being primarily committed to the development of industrial enterprises, while the latter are quite broad in their scope, being committed to residential, recreational, commercial, and other projects in addition to industrial ones. While redevelopment authorities may, at times, be engaged in some of the same types of projects that industrial development agencies pursue, it is clear that there are major differences between the two types of entities. To no extent is the term "industrial development agency" interchangeable with the term "redevelopment authority." The legislature, in exempting transfers to nonprofit "industrial development agencies" from the realty transfer tax, 73 P.S. § 8102–C, supra, did not extend the same exemption to "redevelopment authorities." The Redevelopment Authority of Berks County is a redevelopment authority, not an industrial development agency. Eastern was not, therefore, entitled to claim an exemption from tax when making a transfer of property to the Redevelopment Authority of Berks County. The Commonwealth Court properly affirmed the Board of Finance and Revenue's determination that Eastern was not entitled to a refund of the taxes paid.

Order affirmed.